**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 16-1392

UNITED STATES OF AMERICA,

Appellee,

v.

ISAÍAS PÉREZ-CARRERA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Daniel R. Domínguez, U.S. District Judge]

Before

Torruella, Thompson, and Kayatta,
Circuit Judges.

Raul S. Mariani Franco on brief for appellant.
Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, and Rosa Emilia Rodríguez-Vélez, United States Attorney, on brief for appellee.

May 17, 2017

**KAYATTA**, **Circuit Judge**. The district court sentenced defendant Isaías Pérez-Carrera ("Pérez") to 50 months' imprisonment, varying upward from a guidelines sentencing range of 30 to 37 months. Pérez appeals. He argues that the district court erred by justifying the upward variance with factors that the guidelines sentencing range already took into account. According to Pérez, this error rendered his sentence procedurally and substantively unreasonable. We disagree and thus affirm.

## I.

According to the operative presentence investigation report ("PSR"), on December 31, 2013, a private security guard called the police to report that an individual had exited his vehicle, pulled a hood over his head, placed a firearm inside a pack on his shoulder, and entered a pharmacy. The guard also said that he heard a sound consistent with a firearm being loaded. The police responded and spoke with the guard, who identified the individual he had observed. The police approached that individual, confiscated his shoulder pack, and found a loaded firearm inside. They arrested the individual, whom they later identified as Pérez. Pérez was charged in a one-count indictment with possessing a firearm after having been convicted of a felony in violation of 18 U.S.C. § 922(g). He pled guilty to that charge on December 8,

2014. His plea was not the product of any agreement with the government.

The operative PSR includes an offense-level computation that lists Pérez's total offense level as seventeen, reflecting a base offense level of twenty, less three levels because Pérez accepted responsibility. U.S. Sentencing Guidelines Manual ("U.S.S.G.") §§ 2K2.1(a)(4)(A), 3E1.1(a)-(b) (U.S. Sentencing Comm'n 2015). Pérez's criminal history score is listed as five: he accrued three points for a prior conviction, id. § 4A1.1(a), and two points for having committed the instant offense while serving a term of supervised release, id. § 4A1.1(d). That score corresponds with criminal history category III and, combined with the total offense level of seventeen, yields a guidelines sentencing range of 30 to 37 months. Id. ch. 5, pt. A (Sentencing Table).

The district court convened a sentencing hearing on January 28, 2016. During the hearing, Pérez elicited testimony from three witnesses. He first called a clinical geneticist from the University of Puerto Rico's Department of Health who treated the defendant's son in connection with his significant congenital impairments. The geneticist testified about the manifold treatments and demanding care that the child required. Next, the defendant's wife testified about the support she needed from Pérez to care for their son and her two other children. Finally, the

defendant's mother testified about the importance of Pérez's role in helping her run a family business. The district court then heard argument from defense counsel and from the government. During its argument, the government asked the district court to impose the statutory maximum sentence of 120 months' imprisonment because of Pérez's "criminal history, his history of [disciplinary] violations while incarcerated," and his possession of a firearm "while on supervised release." This unexpected request drew an objection from defense counsel, and it prompted the district court to postpone the sentencing until a later date. In doing so, the district court specifically advised the parties that it was contemplating "a departure going upward" or "an upward variance" and was therefore continuing the proceedings to allow the defendant time "to be prepared."

The district court reconvened on March 30, 2016. At that time, Pérez requested a below- or within-guidelines sentence, and the government lowered its request from 120 months to 84 months. The district court heard from Pérez and then imposed its sentence. It properly identified the offense conduct, correctly calculated the guidelines sentencing range as 30 to 37 months, and appropriately referenced the sentencing factors enumerated in 18 U.S.C. § 3553(a). It noted Pérez's personal background and criminal history, including his prior felony convictions for conspiracy to possess with intent to distribute cocaine and for

aiding and abetting in the use of a firearm during the commission of that crime. The district court then explained that it would vary upward, albeit not as much as the government requested, citing the nature of the prior conviction and the relatively short interval between Pérez's release and his reoffense. It imposed a sentence of 50 months' imprisonment, followed by three years of supervised release.

Defense counsel promptly objected "to the grounds expressed by the Court for an upward variance," arguing that the sentence was "substantively unreasonable." The court rejected this argument, emphasizing that the defendant "engaged once again in having a weapon" when he was "barely 22 months [into] a 36 month's [sic] sentence on supervised release" that followed a 97-month term of imprisonment for the prior conviction. This timely appeal followed.

## II.

On appeal, Pérez raises both procedural and substantive challenges to the reasonableness of his sentence of 50 months' imprisonment. We address each category of challenges in turn.

## A.

Pérez did not raise his procedural challenges in the district court, so we review these challenges only for plain error. United States v. Nieves-Mercado, 847 F.3d 37, 41 (1st Cir. 2017). "Review for plain error entails four showings: (1) that an error

occurred (2) which was clear or obvious and which not only (3) affected the defendant's substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings." United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001).

Pérez first argues that the factors relied on by the district court to justify the upward variance "were already covered in [his] guideline range." Pérez asserts that the district court therefore double-counted his prior felony conviction. According to Pérez, that "prior conviction [wa]s duly taken into account by the guidelines," as it resulted in three criminal history points. It is true that the district court cited the prior conviction to justify the upward variance, and it is true that Pérez received three criminal history points for that conviction. Yet the guidelines sentencing range only took into account the fact of the prior conviction and the duration of the resulting sentence. See U.S.S.G. § 4A1.1(a). What the district court took into account was the nature of the prior conviction and the similarity between the criminal conduct at issue in the prior conviction and the instant offense. Pérez does not argue that the guidelines sentencing range accounted for those considerations, and we find that the district court's reliance on them to justify the upward variance was not obviously wrong. See Nieves-Mercado, 847 F.3d at 43 (rejecting a claim of procedural unreasonableness where the

- 6 -

district court "discussed not only the existence but also the nature of [the defendant's] criminal history" and in particular noted "similarities" between the prior criminal conduct and the instant offense).

We likewise reject Pérez's second and similar argument that the district court double-counted the fact that Pérez committed the instant offense while serving a term of supervised release. To be sure, the guidelines sentencing range incorporated two criminal history points because Pérez "committed the instant offense while under any criminal justice sentence, including . . . supervised release." U.S.S.G. § 4A1.1(d). The district court noted, in explaining the upward variance, that Pérez was less than two years into his three-year term of supervised release when he committed the instant offense. But the transcript from the sentencing hearing makes clear that the court noted that fact in service of a different point: that Pérez recidivated relatively soon after having served a lengthy sentence for his prior conviction. The court expressed concern that the prior 97-month sentence yielded such minimal deterrence that Pérez reoffended within 22 months of his release from prison. That Pérez happened to remain on supervised release at that time was beside the district court's point. Regardless of whether Pérez had previously received a short term of supervision, a long term of supervision, or no term of supervision at all, it was not plainly

erroneous for the district court to have determined that Pérez required additional deterrence through a longer custodial sentence because, after spending over eight years in prison, Pérez made it just 22 months before he was picked up for another felony offense.

Because Pérez has failed to convince us that the district court obviously double-counted either factor in justifying the upward variance, we reject on plain error review his claim that the district court imposed a procedurally unreasonable sentence.

**B.**

That leaves Pérez's argument that his sentence is substantively unreasonable. Pérez did raise this objection in the district court, so we review the substantive reasonableness of his sentence for abuse of discretion. United States v. Trinidad-Acosta, 773 F.3d 298, 309 (1st Cir. 2014). In assessing substantive reasonableness, we "focus[] on the duration of the sentence in light of the totality of the circumstances." United States v. Del Valle-Rodríguez, 761 F.3d 171, 176 (1st Cir. 2014). "[A] plausible sentencing rationale and a defensible result" are all that we require. United States v. Narváez-Soto, 773 F.3d 282, 288 (quoting United States v. Martin, 520 F.3d 87, 96 (1st Cir. 2008)).

Pérez advances two claims of substantive error. First, he says, the district court erred "[b]y relying on already included factors to further enhance [his] sentence." "We have already

rejected this contention in finding that the district court gave reasons for its variance beyond those factored into the guidelines sentencing range calculation," Nieves-Mercado, 847 F.3d at 44--in this case, the nature of Pérez's criminal history, the similarity between the prior and instant offenses, and the time between his release and his reoffense.  Second, Pérez argues that the district court failed to consider the totality of the circumstances, and that its myopic focus on his criminal history caused the district court to overlook individual characteristics warranting a lower sentence.[1]  Although the upward variance in this case was significant, and by no means inevitable, we do not find that the totality of the circumstances demand a different result.  The district court weighed the evidence presented by Pérez but ultimately determined that his criminal history tipped the scales in favor of an above-guidelines sentence.  Mindful that "[i]n most

---

[1] To the extent Pérez's "real complaint is not that the court overlooked those factors but that it weighed those factors less heavily than he would have liked," our precedent makes clear that such "balancing is, within wide limits, a matter for the sentencing court."  United States v. Rivera-González, 776 F.3d 45, 50 (1st Cir. 2015).  The record reveals that the district court considered the evidence adduced and arguments advanced by Pérez at sentencing--including evidence and arguments regarding the importance of his support to his family.  We discern no plain error by the district court in identifying the pertinent sentencing factors and no abuse of the broad discretion afforded to the district court in deciding how to weigh them.  Furthermore, to the extent Pérez argues that the district court erred by finding that Pérez's wife "was doing all of the work" in raising their son, he has not shown that this factual finding was obviously erroneous.

cases, there is not a single appropriate sentence but, rather, a universe of reasonable sentences," United States v. Rivera-González, 776 F.3d 45, 52 (1st Cir. 2015), we hold that the sentence imposed in this case falls within that universe.

## III.

Finding neither procedural nor substantive error, we affirm the judgment of the district court.